# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESTON GRIMES, | : | CIVIL NO. 3:13-CV-1819 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MIKE WENEROWICZ, *et al.* | : | |
| | : | |
| Respondents | : | |

| | | |
|---|---|---|
| PRESTON GRIMES, | : | CIVIL NO. 3:13-CV-1122 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MIKE WENEROWICZ, *et al.* | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and Procedural History.

Currently before the Court are two petitions for Habeas Corpus filed, *pro se*, by Petitioner Preston Grimes, an inmate currently housed at the State Correctional Institute at Graterford (SCI-Graterford) challenging judgments issued by two separate state courts in two separate criminal proceedings. Petitioner's first habeas petition relates to three criminal dockets from the Dauphin County Court of Common Pleas which were consolidated pursuant to a guilty plea. Petitioner's second habeas petition relates to one criminal docket from the York County Court of Common Pleas, to which he entered an open plea of nolo contendere.

### A. First Habeas Petition, Civil Action No. 3:13-CV-1819.

Petitioner's first Habeas Petition stems from a conviction from the Dauphin County Court of Common Pleas involving three criminal dockets which were consolidated pursuant to a negotiated plea agreement executed on August 31, 2011. Petitioner's guilty plea related to the following charges:

A charge of first degree robbery in violation of 18 Pa.C.S. §3701(A)(1)(ii), Criminal Case No. CP-22-CR-2426-2008, which stems from events which took place on April 12, 2008. Specifically, Petitioner demanded money from a person in a parking lot while displaying what appeared to be a handgun at his waistband. (Docs. 6-1, p. 2, 6-3 p. 3). A charge of theft by unlawful taking in violation of 18 Pa.C.S. §3921(a), Criminal Case No. CP-22-CR-2240-2010, which stems from events which transpired on March 8, 2010, while Petitioner was out on bail for the above-mentioned robbery charge. Specifically, Petitioner stole a laptop after selling it to the victim. *Id.* The final charge addressed by Petitioner's August 31, 2011 guilty plea was a charge of unauthorized use of an automobile in violation of 18 Pa.C.S. §3928(a), Criminal Case No. CP-22-CR-2239-2010, which stems from events which transpired on March 10, 2010 while Petitioner was out on bail for the above-mentioned robbery charge. Specifically, Petitioner absconded with his father-in-law's Dodge Neon without permission. *Id.*

On the same day he entered his plea, Petitioner was sentenced to five to ten years in a state correctional facility on the charge of first degree robbery, with the sentences to run concurrently to the sentence imposed for a prior conviction from the York County Court of Common Pleas.[1] (Doc. 6-1, p. 2). With respect to the other two crimes, Petitioner was sentenced to twenty-three months probation to run concurrently, and was fined $500 for each of the two crimes. Petitioner was also required to pay court costs and restitution. All sentences imposed by the Dauphin County Court of Common Pleas were directed to run concurrently with the sentence from the York County Court of Common Pleas. Petitioner was classified as a "RFEL," or "repeat felon" under Pennsylvania's sentencing guidelines. Petitioner made no attempt to file a direct appeal of his conviction. The judgment became final thirty days later.

---

[1]Petitioner's second habeas petition, also addressed by this Report, relates to Petitioner's prior conviction in the York County Court of Common Pleas. *See* Civil Action No. 3:13-CV-1122.

On September 20, 2011, Petitioner filed, *pro se*, a petition for post conviction relief. (Doc. 6-6, p. 8). On September 23, 2011, Petitioner sought and was granted PCRA counsel on the issue of ineffective assistance of counsel. (Doc. 6, ¶5). On July 10, 2012, court appointed PCRA counsel found Petitioner's claims to be meritless and entered a petition to withdraw as counsel. (Doc. 6, Ex. B). In the order dismissing Petitioner's PCRA appeal, the Superior Court summarized the procedural history of Petitioner's PCRA petition as follows:[2]

> On August 1, 2012, the [PCRA] court sent... [Petitioner] a Rule 907 notice advising him of its intent to dismiss his petition. *See* Pa.R.Crim.P. 907. On August 13, 2012,... [Petitioner] filed a new PCRA petition, which the [PCRA] court treated as a response to its Rule 907 notice and a supplement to the September 20, 2011 petition. (*See* PCRA Court Opinion, 8/31/12, at 1). On August 31, 2012, the [PCRA] court granted counsel's petition to withdraw and dismissed Petitioner's PCRA petition.

(Doc. 6, Ex. C). Petitioner proceeded with his own appeal.

Petitioner raised the following issues on appeal of his PCRA:

1. Was the sentence the defendant received excessive and an abuse of discretion given the fact that all plea negotiations and the sentence were based on the misapplication of repeat offender status placed on defendant?

2. Was appointed counsel ineffective in not challenging the erroneous repeat offender status?

3. Was appointed counsel ineffective in not challenging the grading of the crime as a felony in the first degree given the fact that there was no threat or injury?

4. Was appointed counsel ineffective in not asking for a dismissal of charged due to the obvious violation of rule 600 of the rules of criminal procedure?

5. Was the defendant charged inappropriately given the fact that the offense did not meet the elements of the crime?

(Doc. 6, Ex. D). The Superior Court ruled that claims one and two lacked merit, and that claims three, four, and five were waived due to Petitioner's failure to address them in his 1925(b) statement. (Doc. 6, Ex. C). Petitioner did not appeal this dismissal to the Pennsylvania Supreme Court. (Doc. 6 ¶8).

---

[2]The Court was not provided with a copy of the PCRA court's order dismissing Petitioner's PCRA, a copy of Petitioner's original PCRA and its supplement, or a copy of Petitioner's 1925(b) statement.

On July 2, 2013, Petitioner filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner paid the $5.00 filing fee on the same day. (Doc. 1). Petitioner names as Respondents Mike Wenerowicz, the Pennsylvania State Attorney General, and the Dauphin County District Attorney (collectively, Respondents).

On July 10, 2013, we issued a Show Cause Order directing the Clerk of Court to serve the habeas petition on Respondents, and directing Respondents to file a response. (Doc. 3). On July 18, 2013, Respondents filed a response to the habeas petition together with a brief in opposition and certificate of service attached, as well as exhibits A-D. (Doc. 6). On July 29, 2013, Petitioner filed a Traverse. (Doc. 7).

This habeas petition is now ripe for disposition. For the reasons set forth below, we recommend that this habeas petition be denied.

**B. Second Habeas Petition, Civil Action No. 3:13-CV-1122**.

Petitioner's second habeas petition stems from a conviction from the York County Court of Common Pleas, Criminal Case No. CP-67-CR-000368-2010. (Doc. 7, ¶2). On April 21, 2011, Petitioner entered an open plea of nolo contendere to one count of first degree robbery in violation of 18 Pa.C.S. 3701(a)(1)(ii). (Doc. 7-1, Ex. 4). On June 22, 2011, Petitioner was sentenced to a 10-20 year term of imprisonment. (Docs. 7, ¶3; 7-1, Ex. 7). Petitioner was classified as a repeat violent offender ("REVOL") under the Pennsylvania sentencing guidelines.[3] Petitioner made no attempt to file a direct appeal. The judgment became final on July 22, 2011.

On June 24, 2011, Petitioner filed a post-sentence motion to modify his sentence. (Doc. 7-1, Ex. 8). On June 27, 2011, Petitioner filed, *pro se*, a petition for post-conviction relief (first PCRA petition) in which he requested court appointed PCRA counsel. (Doc. 7-1, Ex. 9). Petitioner raised the following claims in his first PCRA Petition:

(1) Petitioner was not properly mirandized;

---

[3]We note that Petitioner was classified as a "repeat felon" (RFEL) with respect to the sentence imposed by the Dauphin County Court of Common Pleas, and was sentenced as a repeat violent offender (REVOL) by the York County Court of Common Pleas.

      (2) Counsel was ineffective for failing to:
          (a) object to violations of Rule 600 of the Pennsylvania Rules of Criminal Procedure;

          (b) argue that Petitioner was charged with an improperly graded offense;

          (c) counsel failed to challenge the guideline sentence;

      (3) Due process violations relating to his "offender score points."

(Doc. 7-1, Ex. 9). On July 7, 2011, the court appointed PCRA counsel to represent Petitioner with respect to his first PCRA petition. (Doc. 7-1, Ex. 10). On July 26, 2011, Petitioner's court appointed PCRA counsel filed a supplement to the first PCRA petition focusing on two issues, namely whether Petitioner's sentence was based on erroneous guideline information with respect to Petitioner's classification as REVOL, and whether the grading of the offense charged was improper. *Id*. On August 2, 2011, Petitioner's first PCRA petition was denied following a hearing where he was represented by PCRA counsel. (Docs. 7, ¶6; 7-1, Ex. 11). On August 31, 2011, Petitioner filed a timely appeal. (Doc. 7, ¶7; *see also* Doc. 7-1, Ex. 13).

      Petitioner raised the following issues on appeal from his first PCRA:

      (1) Whether the PCRA court erred in finding that Appellant's sentencing counsel did not provide Ineffective Assistance of Counsel when counsel failed to challenge the Offense Gravity Score applied to his robbery conviction?

      (2) Whether the PCRA court erred in finding that Appellant's sentencing counsel did not provide Ineffective Assistance of Counsel when counsel failed to challenge the applied Prior Record Score, resulting in Appellant being classified as a repeat Violent Offender?

      (3) Whether the robbery conviction was errantly classified as a felony in the first degree whereas Appellant alleges he was only charged with robbery as a felony of the third degree?

      (4) Whether Appellant should be appointed counsel, pursuant to *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), for the purposes of litigating the instant appeal?

      (5) Whether this Court should remand to the PCRA court, pursuant to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), for the purposes of conducting an ineffectiveness of counsel hearing for sentencing counsel?

(Doc. 7-1, Ex. 17).

On September 7, 2011, while the appeal of his first PCRA petition was pending, Petitioner filed a second PCRA petition. (*Id.* at ¶8; *see also* Doc. 7-1, Ex. 20). On September 9, 2011, Petitioner's second PCRA petition was denied because the PCRA court lacked jurisdiction to adjudicate the matter while the appeal of his first PCRA petition was still pending. (Doc 7-1, Ex. 21).

On July 16, 2012, Petitioner filed a third PCRA petition. (Doc. 7-1, Ex. 22). On July 24, 2012, the lower court dismissed Petitioner's third PCRA petition upon the mistaken belief that the appeal of his first PCRA petition was still pending.[4] (Doc 7-1, Ex. 23).

On August 23, 2012, Petitioner filed a fourth PCRA petition. (Doc. 7-1, Ex. 24). On August 28, 2012, the PCRA court issued a Rule 907 notice advising Petitioner of their intent to dismiss his fourth PCRA petition. (Doc. 7-1, Ex. 25). Petitioner did not file a response within twenty days of receiving the court's Rule 907 notice. On September 17, 2012, the lower court dismissed Petitioner's fourth PCRA petition on the grounds that it contained issues that had already been litigated by the court. (Doc. 7-1, Ex. 26). Petitioner did not appeal the dismissal of his fourth PCRA petition. (*Id.* at ¶18).

On September 28, 2012, Petitioner filed a fifth PCRA petition together with exhibits A-G.[5] (Doc. 7-1, Ex. 27). On October 5, 2012, the PCRA court issued a Rule 907 notice advising Petitioner of their intent to dismiss his fifth PCRA petition. (Doc. 7-1, Ex. 29). On October 15, 2012, Petitioner responded to the court's Rule 907 notice. (Doc. 7-1, p. 204)[6]. On October 29, 2012, the lower court dismissed Petitioner's fifth PCRA petition on the grounds that the petition failed to meet the standard for subsequent petitions, and raised

---

[4]The Superior Court denied Petitioner's appeal of his first PCRA petition in an Order dated April 23, 2012.

[5]Petitioner's fifth PCRA was submitted with eight exhibits, two are marked as "Exhibit B."

[6]Petitioner's response to the lower court's Rule 907 notice was not assigned an exhibit number, but was included in Respondent's submission to the court.

issues already litigated in prior PCRA petitions. (Doc. 7-1, Ex. 30). On November 9, 2012, Petitioner appealed the lower court's dismissal to the Superior Court. *Id.* at ¶21; *see also* Doc. 7-1, Ex. 31. On April 12, 2013, the Superior Court affirmed the lower court's decision on the grounds that the petition failed to meet the standard for subsequent petitions, and raised issues already litigated in prior PCRA petitions. (Doc. 7-1, Ex. 37).

On April 29, 2013, Petitioner filed, *pro se*, a petition for writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner paid the $5.00 filing fee on the same day. (Doc. 1). Petitioner names as Respondents Mike Wenerowicz, the Pennsylvania State Attorney General, and the York County District Attorney (collectively, Respondents).

On July 19, 2013, Respondents filed a response to the habeas petition together with exhibits 1-37. (Docs. 7, 7-1). On August 8, 2013, Petitioner filed a Traverse. (Doc. 8).

This habeas petition is now ripe for disposition. For the reasons set forth below, we recommend that this habeas petition be denied.

## II. Habeas Claims.

### A. First Habeas Petition, Civil Action No. 3:13-CV-1819.

In his first Habeas Petition, Petitioner raises claims that:

(1) His "constitutional right" to a speedy trial under Rule 600 of the Pennsylvania Rules of Criminal Procedure was violated;

(2) He received ineffective assistance of counsel for the following reasons:

    (a) because his attorney did not object to the violation of his speedy trial rights under Rule 600 of the Pennsylvania Rules of Criminal Procedure;

    (b) because his attorney did not object to the application of "repeat offender" grading to the calculation of his sentence;

    (c) because his attorney did not appeal his guilty plea; and,

(3) His due process rights were violated because he was charged with an improperly graded offense.

See Doc. 1.

### B. Second Habeas Petition, Civil Action No. 3:13-CV-1122

In his second Habeas Petition, Petitioner raises claims that:

(1) His Fourteenth Amendment Due Process rights were violated when he was unlawfully induced to enter a plea of nolo contendere.

(2) His Fourteenth Amendment Due Process rights were violated when he was improperly classified as a repeat violent offender for sentencing purposes.

(3) He received ineffective assistance of counsel for the following reasons:

(a) his attorney did not object to the entry of an unwilling plea of nolo contendere; and

(b) his attorney failed to perfect an appeal on his behalf.

See Doc. 1.

## III. Discussion.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. §2254, which provides that:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
(A) the applicant has exhausted the remedies available in the courts of the State;
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. §2254(a) and (b).

### A. Exhaustion of State Remedies.

At the outset, state prisoners seeking relief under §2254 must satisfy specific, and precise procedural standards. Among these procedural prerequisites is the requirement that Petitioner "has exhausted the remedies available in the courts of the state." U.S.C. §2254(b). Thus, before a court may review a habeas petition filed pursuant to §2254, the petitioner must demonstrate exhaustion of state court remedies and lack of procedural default. In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in the principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass judgment upon and correct the alleged violations of the petitioner's constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The Supreme Court has observed that, "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a §2254 petition. *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A petitioner seeking to invoke the writ of habeas corpus bears the burden of showing that all of the claims alleged have been "fairly presented" to each level of the state courts, and that the claims brought in federal court are the "substantial equivalent" of those presented to the state courts. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d. Cir. 1992); *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. A982). While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," *Picard v. Connor*, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. *Evans*, 959 F.2d at 1230-33. Specifically, for a claim to be fairly presented, a Petitioner must present both the legal theory and the facts underpinning the federal claim, and the same method of legal analysis must be available to the state court as will be employed in the federal court. *Id.* at 1231 (internal citations omitted). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." *Parker v. Kelchner*, 429, F.3d 58, 63 (3d Cir. 2005).

Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim. *See Dye v. Hofbauer*, 546 U.S. 1 (2005)(per curium); *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004).

Beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the doctrine of "procedural default." *Gray v. Netherland,* 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). The procedural default rule is designed to prevent habeas petitioners from avoiding the exhaustion requirement by defaulting on their claim in state court. *Coleman*, 501 U.S. at 732.

> A state's procedural default rules are entitled to deference by federal courts; a petitioner's violation of a state procedural rule may constitute an independent and adequate state law ground for denial of federal review of habeas claims under the procedural default doctrine. *Id*. at 750. Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court explicitly has concluded that a petitioner is procedurally barred from raising his claims. *Glass v. Vaughn*, 65 F.3d 13, 15 (3d Cir. 1995), *cert, denied*, 516 U.S. 1151 (1996). However, the procedural default doctrine only applies when a state procedural rule is consistently or regularly applied. *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997)(quoting *Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988).

*Lebar v. Thompson*, No. 3:08-CV-72, 2013 WL 1969367 *4 (M.D.Pa. May 13, 2013)(footnote omitted).

Oftentimes, habeas petitions may contain what are referred to as "mixed" claims, petitions containing both exhausted and unexhausted claims. Generally, where a petition contains unexhausted claims the Court must dismiss the petition without prejudice so that the Petitioner may return to state court and exhaust his claims, or proceed in federal court on a petition which raises only exhausted issues. *Rose v. Lundy*, 455 U.S. 509 (1982). However, the exhaustion requirement may be excused "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." *Whitney*, 280 F.3d at 250 (quoting *Gray v. Netherland*, 518 U.S. 152, 161 (1996))(observing that it would be a useless exercise for a Petitioner asserting unexhausted claims to file an additional PCRA petition because any such petition would be dismissed as untimely under state law.)

The Third Circuit has instructed that a petition containing exhausted and unexhausted but procedurally barred claims is not a "mixed" petition requiring dismissal under *Rose v. Lundy*. *Wenger v. Frank*, 266 F.3d 218, 227 (3d Cir. 2001). However, it does not necessarily follow that a Petitioner asserting unexhausted but procedurally defaulted claims is entitled to an adjudication of the merits of such claims. *Whitney*, 280 F. 3d at 252. Rather, a court cannot review unexhausted claims that have been procedurally defaulted under state law, unless Petitioner can establish "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. *Id.* (*quoting Lines v. Larkins,* 208 F.3d 153. 166 (3d Cir. 2000)). Thus in such instances, the Court may not go to the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred. *Wenger*, 266 F.3d at 228.

Petitioner's first and second habeas petitions contain a mixture of exhausted and unexhausted claims. In the instant matter, however, it apparent that those claims which have not been properly exhausted are procedurally defaulted because the statute of limitations for filing PCRA petitions in state court has passed in both cases.[7]

---

[7]Section 9545(b) of the Post-Conviction Relief Act (PCRA) requires that a petition for post-conviction relief must be filed within one year of the date judgment becomes final, unless the petition alleges and the petitioner proves that:

> (I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §9545(b)(1).

**1. First Habeas Petition, Civil Action No. 3:13-CV-1819.**

Respondents argue that Petitioner failed to exhaust his state court remedies with respect to all of the claims raised in his first habeas petition because they were not appealed to the Pennsylvania Supreme Court. (Doc. 6-1, p. 3). They further allege that in addition to being unexhausted, all of Petitioner's claims are procedurally defaulted because the statutory period for filing additional PCRA petitions has passed. *Id.*

With respect to Respondents assertion that §2254's exhaustion requirement mandates that Petitioner file an appeal to the Pennsylvania Supreme Court, we disagree. Pursuant to Pennsylvania Supreme Court Order 218, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas relief under section 2254. *Lebar v. Thompson,* No. 3:08-CV-72, 2013 WL 1969367 *3, n.4 (M.D.Pa. May 13, 2013) (*citing In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218, Judicial Administration Docket No. 1 (May 5, 2000)). However, a review of the record reveals that two of Petitioner's claims are unexhausted and procedurally defaulted, and two claims have been procedurally defaulted because they were "waived" by the Petitioner.

Petitioner's first habeas petition raises two unexhausted claims. Specifically, Petitioner alleges that counsel was ineffective in his failure to file an appeal, and that his "constitutional right" to a speedy trial under Rule 600 of the Pennsylvania Rules of Criminal Procedure was violated. (Doc. 1, p. 5, 6). In order to exhaust state law remedies, Petitioner must show that his claims were fairly presented to each level of the state courts. Not only has Petitioner failed to meet his burden, but review of his PCRA appeal reveals he has not presented either of the above-mentioned claims or their "substantial equivalent" to the

Superior Court.[8]  (Doc. 6, Ex. D).  Thus, because these claims have not been fairly presented to the state courts, we find these claims have not been properly exhausted.  Furthermore, Petitioner's judgment in this case became final on September 31, 2011.  Under section 9545(b) of the PCRA, Petitioner had one year from the date his judgment became final to seek post-conviction relief in the state courts.  42 Pa.C.S. §9545(b).  Because Petitioner has failed to seek such relief from the state courts in a timely manner, and it seems unlikely that any exception to the statute of limitations would apply, we find that Petitioner's failure to exhaust these claims has resulted in procedural default.

Additionally, Petitioner has raised claims in his habeas petition that the Superior Court has deemed are "waived."  Specifically, the Superior Court held Petitioner's claims that counsel was ineffective because he failed to object to speedy trial violations, and that his due process rights were violated when he was charged with an improperly graded offense[9] were waived by his failure to brief these issues in his 1925(b) statement.  (Doc. 6, Ex. C).  This rule has been consistently applied by the state courts.  *Lebar*, 2013 WL 1969367 at *7.  Because the rule of waiver for failing to raise an issue in a 1925(b) statement is both an independent and an adequate state ground for denial of federal review, we find that Petitioner has procedurally defaulted on both of the above-mentioned claims.  *Id.* (citing *Buck v. Coleran*, 115 F. Appx. 526 (3d Cir. 2004)(finding that the failure to comply with Rule 1925(b) constitutes a procedural default.)).

Furthermore, Petitioner has failed to show "cause" for and "resulting prejudice" from his default, or that a "fundamental miscarriage of justice would result from the denial of

---

[8]Respondents argue that Petitioner has never introduced these claims to the state courts. (Doc. 6, ¶11).  The Court has not been provided with a copy of Petitioner's PCRA petition, thus cannot comment as to whether these claims were presented to the lower court, however, Petitioner's appellate brief reflects that he did not present these claims to the Superior Court on appeal; which is enough to conclude that Petitioner has not presented these claims or their substantial equivalent to each level of the state courts.  (Doc. 6, Ex. D).

[9]Petitioner argues that he was charged with first degree when should have been charged with third degree.

federal review with respect to any of his defaulted claims. Thus, the Court will not review the above-mentioned claims on their merits.

### 2. Second Habeas Petition, Civil Action No. 3:13-CV-1122.

Respondents argue that Petitioner raises three claims which are procedurally defaulted. Specifically, Respondents argue that the following claims have been procedurally defaulted: Petitioner's claim that his due process rights were violated when he was "manipulated" by the court into entering a plea of nolo contendere; Petitioner's claim that his trial counsel was ineffective for allowing him to enter a plea of nolo contendere; and Petitioner's claim that his trial counsel was ineffective for failing to perfect an appeal on his behalf. *(See Generally,* Doc. 7).

With respect to the three claims discussed above, the court finds that the first and second claims identified above have been procedurally defaulted due to Petitioner's failure to raise them in a timely PCRA petition. First, Petitioner's claim that he was manipulated into entering a plea of nolo contendere was first raised in Petitioner's fifth PCRA petition. (Doc. 7-1, Ex. 27). On appeal, the Superior Court held that all claims raised by Petitioner's fifth PCRA petition were time-barred under Section 9545 of the PCRA. (Doc. 7-1, Ex. 37). Petitioner's failure to abide by the state statutory period for filing a timely PCRA petition constitutes an independent and adequate state law ground for denial of federal review of habeas claims under the procedural default doctrine. Petitioner's second claim, that his trial counsel was ineffective for allowing him to enter a plea of nolo contendere, first raised in Petitioner's appeal of his fifth PCRA petition (Doc. 7-1, Ex. 35), is untimely and barred from review for the same reasons as his first claim.

Petitioner's third claim, that trial counsel was ineffective for failing to appeal his sentence has never been presented to the state courts, and was first raised in the instant habeas petition. The violation of state procedural rules constitutes an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court explicitly has concluded that a petitioner is procedurally barred from raising his claims. *Lebar*, 2013 WL 196367 at *4 (M.D.Pa. May 13, 2013). With respect to

Petitioner's third claim, he has failed to exhaust state court remedies and that any further attempt to do so would be futile because he is barred from filing a sixth PCRA petition by the state statute of limitations. Thus, Petitioner's third claim has also been procedurally defaulted.

In addition to the three defaulted claims identified by Respondents, Petitioner advances a fourth procedurally defaulted claim. Specifically, Petitioner alleges that his right to due process and equal protection under the law was violated when he was improperly classified as a REVOL under the Pennsylvania sentencing guidelines. (Doc. 1, p. 6). Respondents have not addressed the issue of exhaustion or procedural default with respect to this claim, however, it is well-settled in the Third Circuit that the court has discretion to raise procedural issues, in habeas cases, and may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied at* 538 U.S. 1002 (2003).

An examination of Petitioner's first PCRA petition reveals that he raised a due process claim related to his classification as a REVOL, as well as a claim of ineffective assistance of counsel based on the same facts. (Doc. 7-1, Ex. 9). On July 26, 2011, Petitioner's appointed PCRA counsel filed a supplement to the first PCRA, which sought relief for ineffective assistance of counsel alone, and did not address the due process or equal protection claims. (Doc. 7-1, Ex. 10). In denying Petitioner's first PCRA petition, the lower court only addressed the claims raised by Petitioner's PCRA counsel. (Doc. 7-1, Ex. 12). Petitioner identified two claims of ineffective assistance of counsel in is 1925(b) statement of errors complained of on appeal. (Doc. 7-1, Ex. 15). The Superior Court also noted that Petitioner identified three issues in his response to appointed counsel's Turner-Finley letter, and construed his response as Petitioner's brief. (Doc. 7-1, Ex. 17). However the Superior Court did not identify a due process claims raised by Petitioner on appeal. *Id.*[10]

---

[10] The Court was not provided with a copy of Petitioner's response to appointed PCRA counsel's Turner-Finley letter, or a copy of the letter itself.

As discussed above, in order for a claim to be exhausted, it must be presented to each level of the state courts in a manner where both the same factual underpinning, and the same method of legal analysis are available. Though the "factual underpinnings" of this claim have been presented to the court through Petitioner's claim of ineffective assistance of counsel, due process and equal protection claims do not allow the same method of legal analysis as a claim for ineffective assistance of counsel. Furthermore, even though this claim was raised in his first PCRA petition, he did not present this claim to the Superior Court in his appeal. Thus, Petitioner's due process and equal protection claims relating to his classification as a repeat violent offender have been procedurally defaulted. This claim also fails on the merits.[11]

Additionally, Petitioner has failed to show "cause" for and "resulting prejudice" from his default, or that a "fundamental miscarriage of justice would result from the denial of federal review with respect to any of his defaulted claims. Thus, the Court will not review the above-mentioned claims on their merits, and recommends that Petitioner's second habeas petition be denied in its entirety.

**B. Merits**

---

[11] A challenge to the severity of a sentence issued by the state courts does not provide grounds for federal habeas relief unless the sentence exceeds limits set by state law. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Furthermore:

> A sentence [is] acceptable as long as it was untainted by considerations of race, gender, or similar forbidden grounds, *See Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir. 1984), was not reached in reliance upon misinformation of constitutional magnitude, *see United States v. Matthews*, 773 F.2d 48, 51 (3d Cir. 1985), and was not imposed in violation of a defendant's right of allocution. *See United States v. Bazzano*, 712 F.2d 826, 843 (3d Cir. 1983).

*United States v. Fisher*, 502 F.3d 293, 299 (3d Cir. 2007).

In this case, Petitioner alleges that his sentence was based upon a misapplication of the state sentencing guidelines which resulted in Petitioner being charged as a REVOL, as opposed to a RFEL in violation of his due process and equal protection rights under the U.S. Constitution. Given the lawful character of the sentence, Petitioner's assertion provides no grounds for habeas relief.

Once a court has determined that the exhaustion requirement is met, and that a review of the merits is warranted, the scope of the court's review is set out by Section 2254(d), which provides that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless the decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. A decision is contrary to federal law where the Petitioner demonstrates that "Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999)(*emphasis in original)*. A state court decision unreasonably applies federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified under existing Supreme Court precedent." *Id.* at 890. For the purposes of 2254(d)(1) "it is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous," but rather, "the state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

In his first habeas petition, Petitioner has introduced one claim which has been exhausted, and has not been procedurally defaulted. Specifically, Petitioner alleges that his trial counsel was ineffective because he failed to object to the Petitioner's classification as a "repeat offender," or RFEL. (Doc. 1, p. 6). Respondents assert that Petitioner's claim is meritless because a review of the guilty plea colloquy shows that Petitioner was not induced to enter his plea by ineffective counsel. (Doc. 6-1, p. 11).

The test developed in *Strickland v. Washington* applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland* counsel is ineffective at plea proceedings where: 1) the performance of counsel fell below an objective standard of reasonableness; and 2) that, but for counsel's errors, the result of the underlying proceeding would have been different. *Strickland v. Washington*,

466 U.S. 668, 687-88, 691-92 (1984). In the context of a challenge to a guilty plea, to satisfy the prejudice requirement, a petitioner must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty. *Id.* at 59. Where a criminal defendant enters a guilty plea upon the advice of counsel, the voluntariness of that plea can depend on whether, "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *George v. Lamas*, No. 1:11-CV-1462, 2012 WL 4506077 *12 (M.D.Pa. Oct. 2, 2012)(*quoting Hill*, 474 U.S. at 56).

In evaluating Petitioner's PCRA appeal, the Superior Court determined that Petitioner, "failed to meet his burden of establishing that his plea was not voluntarily and knowingly entered." (Doc. 6-5, p. 7). In the same order, the Superior Court reviewed the related claim of whether the sentence imposed by the trial court was illegal because it was based the improper classification of Petitioner as a RFEL. (Doc. 6-5, p. 6).

Petitioner's claim of ineffective assistance of counsel is governed by *Strickland's* two pronged test. Similarly, under Pennsylvania state jurisprudence, a three-prong test is applied to claims of ineffective assistance, which is, in substance, identical to the *Strickland* test. *See Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005)(*citing Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000)). While the Superior Court's order does not provide an in depth analysis of Petitioner's claim under either standard, an objective evaluation of the outcome of the Superior Court's decision with respect to counsel's effectiveness during the plea proceeding was neither unreasonable nor contrary to federal precedent.

Furthermore, the Superior Court has ruled that Petitioner's claim that he was improperly classified as a repeat offender was meritless. (Doc. 6, Ex. C). Petitioner did not appeal this ruling. Thus, the claim of ineffectiveness now raised by Petitioner is predicated upon a meritless claim. Counsel cannot be ineffective for failing to challenge a meritless claim. *See United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999). Therefore, counsel's decision not to object to Petitioner's sentencing classification as a repeat offender does not constitute ineffective assistance of counsel.

For the foregoing reasons, we recommend that Petitioner's first habeas petition be denied.

**IV. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's first and second habeas petitions should be denied.

                                          s/ Thomas M. Blewitt
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: September 9, 2013**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PRESTON GRIMES,** | : | **CIVIL NO. 3:13-CV-1819** |
| | : | |
| **Petitioner** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **MIKE WENEROWICZ,** *et al.* | : | |
| | : | |
| **Respondents** | : | |

| | | |
|---|---|---|
| **PRESTON GRIMES,** | : | **CIVIL NO. 3:13-CV-1122** |
| | : | |
| **Petitioner** | : | **(Judge Mariani)** |
| | : | |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| | : | |
| **MIKE WENEROWICZ,** *et al.* | : | |
| | : | |
| **Respondents** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 9, 2013.**

Any part may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions. Failure to file timely objection may constitute a waiver of any appellate rights.

 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 9, 2013**