IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRESTON GRIMES,** | : | CIVIL NO. 3:13-CV-1122 |
| | : | |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MIKE WENEROWICZ, et al.,** | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

This state prisoner habeas corpus petition has been assigned to the undersigned following a remand by the Court of Appeals with instructions to conduct an evidentiary hearing on questions relating to whether the alleged failure of trial and state PCRA counsel to preserve certain issues may provide an excuse for what otherwise appear to have been procedural defaults by the petitioner on a number of legal claims. Grimes v. Wenerowicz, 2015 WL 4461824 (3d Cir. July 17, 2015). It having determined that an evidentiary hearing is necessary in this case to adequately develop the factual record on these claims, we further find that the petitioner should have the assistance of counsel in connection with this matter. While it is well-settled that state prisoners like the petitioner do not have a constitutional right to counsel in habeas corpus proceedings, see Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), 18 U.S.C. § 3006A(a)(2)(B), provides that the Court has the discretion to appoint

counsel in such cases when "the court determines that the interests of justice so require . . . ." The exercise of discretion in this area is guided, however, by certain basic principles. When applying this standard and exercising its discretion in this field, the Court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the Court in addressing this claim. Id. at 263. In making this determination, factors influencing a Court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. Id. at 264. Where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appointment of counsel is unnecessary. Id. In contrast, in close, complex cases the exercise of discretion may call for the appointment of counsel. Thus, many of these considerations which guide our discretion with respect to appointment of counsel require an assessment of both the legal complexities of a petition, as well as an informed judgment regarding the ability of the petitioner to articulate the claims set forth in a petition.

In this case, the Court believes that an assessment of these factors weighs heavily in favor of the appointment of counsel under 18 U.S.C. §3006A. The legal issues in this matter can be both complex and subtle. The proper resolution of these

issues is vitally important in this case, since the resolution of this question may totally preclude the petitioner from any consideration of the merits of his claims. Therefore, for the foregoing reasons, the Court finds pursuant to 18 U.S.C. § 3006A(a)(2)(B), that the interests of justice require appointment of counsel in this § 2254 proceeding.

Accordingly, for the forgoing reasons IT IS ORDERED as follows:

1. The Federal Public Defender's Office is appointed to represent the petitioner in connection with this proceeding, and the Federal Public Defender may in his discretion assign counsel to this case.

2. The Federal Public Defender's Office will contact and consult with the petitioner, review the file, communicate with state trial and PCRA counsel and then prepare and file a traverse limited to the issues identified by the court of appeals in Grimes v. Wenerowicz, 2015 WL 4461824 (3d Cir. July 17, 2015) on or before **September 25, 2015**.

3. A hearing will be held in this matter on **October 2, 2015, at 9:30 a.m.**.

So ordered this 5th day of August 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge